ROMAN DRUKER, Petitioner-Appellee,
v.
MARK SWEARINGEN, Respondent-Appellant
No. 29088
Intermediate Court of Appeals of Hawaii.
April 21, 2009.
On the briefs:
Greg H. Takase, (Henderson Gallagher & Kane), for Respondent-Appellant.
Mark S. Kawata, for Petitioner-Appellee.

SUMMARY DISPOSITION ORDER
FOLEY, Presiding Judge, FUJISE and LEONARD, JJ.
Respondent-Appellant Mark Swearingen (Swearingen) appeals from the Order Granting Petition for Injunction Against Harassment filed on February 28, 2008 in the District Court of the First Circuit, Honolulu Division (district court).[1] The district court granted a Petition Against Harassment in favor of Petitioner-Appellee Roman Druker (Druker) and against Swearingen.
On appeal, Swearingen contends (1) the district court erred by finding that harassment occurred pursuant to Hawaii Revised Statutes (HRS) § 604-10.5(a)(2) (Supp. 2008) when each alleged incident of harassment served a legitimate purpose and (2) "HRS § 604-10.5 cannot be so broadly construed so as to infringe on [Swearingen's] first amendment right to express himself."
Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve Swearingen's points of error as follows:
(1) Although Swearingen focuses his arguments on the content of numerous telephone calls he made to Druker, his conduct in contacting Druker by telephone, appearing at Druker's apartment after being informed that Druker did not want to have any telephone or in-person contact with him, and statement to Druker that "I'm going to break your ass," is sufficient to find, pursuant to HRS § 604-10.5(a) (2), that Swearingen engaged in an intentional or knowing course of conduct directed at Druker that seriously alarmed or disturbed consistently or continually bothered Druker and served no legitimate purpose and that such course of conduct would cause a reasonable person to suffer emotional distress.
Shortly after November 16, 2007, Swearingen was instructed by Druker's attorney not to contact Druker by telephone. However, Swearingen continued to call Druker after November 16, 2007. Druker also told Swearingen on November 21, 2007 that he did not want Swearingen to make in-person contact with him at his apartment and that he would call the police if Swearingen showed up at his apartment. However, later that same day Swearingen appeared at Druker's apartment, and Druker called the police after Swearingen pounded on his door.
Swearingen's appearance on November 30, 2007 at Druker's apartment served no legitimate purpose, despite Swearingen's statement to Druker that he wanted to drop off a rental payment, because Swearingen then stated "I'm calling you out." Swearingen's statement demonstrated that his proffered reason for appearing at Druker's apartment was false and his intent was to seriously alarm Druker.
Swearingen also told Druker that "I'm going to break your ass." Such a statement does not serve any legitimate purpose.
The district court did not abuse its discretion in granting the Petition. In re Guardianship of Carlsmith, 113 Hawai'i 211, 223, 151 P.3d 692, 704 (2006).
(2) Swearingen's second point of error claims that "HRS § 604-10.5 cannot be so broadly construed so as to infringe on [Swearingen's] first amendment right to express himself." However, in his second point of error, Swearingen fails to point to where in the record he argued that his free speech right would be violated if the district court granted the Petition. Therefore, the point of error is waived. Hawai'i Rules of Appellate Procedure Rule 28(b)(4).
Therefore,
The Order Granting Petition for Injunction Against Harassment filed on February 28, 2008 in the District Court of the First Circuit, Honolulu Division, is affirmed.
NOTES
[1] The Honorable Gerald H. Kibe presided.